UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Chayna Drapeau, et al.

    v.                                                       Case No. 22-cv-00150-PB
                                                                                Opinion No. 2025 DNH 052

Bluestem Brands, Inc., et al.

MEMORANDUM AND ORDER

      Chayna Drapeau and her eight-year-old son Ben were severely burned when the lid of a pressure cooker Drapeau was using exploded. Drapeau and her husband, Vincent, have sued several domestic and international entities involved in the design, manufacture, testing, and marketing of the pressure cooker. The Drapeaus assert a variety of claims, only two of which are at issue here: negligence and violation of the New Hampshire Consumer Protection Act (CPA). Defendant Intertek Testing Services NA, Inc. (ITS) moves to dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, I grant the motion in part and deny it in part.

I. BACKGROUND

A.    The Alleged Malfunction

      On February 14, 2020, Chayna Drapeau purchased a Chef's Mark Preferred Quality 10-Quart Electric Pressure Cooker ("the pressure cooker")

from Bluestem's Fingerhut Catalog. Doc. 73 at 13. The product was sent to her home in Somersworth, New Hampshire, on February 17, 2020. Id.

On August 22, 2021, while preparing a stew with her son, Drapeau locked the pressure cooker's lid and began the cooking process. Id. at 14. After hearing the release valve activate, she turned the operating valve to the steam release position. Id. When she attempted to unlock the lid several minutes later, the fastening mechanism disengaged, and the cover opened before the pressure had fully released. Id. at 15. The sudden release of pressure caused the lid to detach explosively, propelling scalding liquid onto Drapeau and her son, who was standing nearby. Id. Both suffered severe burns, including injuries to the child's face and chest. Id. at 15-16.

B.   The Pressure Cooker

The pressure cooker was sold in the United States by Bluestem Brands, Inc., a Delaware corporation with its principal place of business in Minnesota.[1] Id. at 2. Bluestem contracted with LF Centennial Pte., a Hong Kong-based entity doing business as "Li and Fung," to serve as its international buying agent. Id. at 8. Bluestem and Li and Fung outsourced

---

[1]   Bluestem Brands, Inc. filed for bankruptcy in 2020 and negotiated a sale of substantially all its assets to BLST Operating Company, LLC. For clarity's sake and because the parties refer to this entity as "Bluestem" in their briefs, I do so here.

the testing, inspection, and certification of the pressure cooker to a group of related entities, including ITS, which now moves to dismiss.

C.   Procedural History

Plaintiffs assert five claims against ITS: (1) strict product liability, (2) negligence, (3) breach of express warranty, (4) breach of implied warranty, and (5) violation of the CPA. See id. at 19-33. Vincent Drapeau also brings a derivative claim for loss of consortium. Id. at 33. ITS moved to dismiss all of the claims against it on September 4, 2024. See Doc. 77-1. In their objection to ITS's motion, plaintiffs concede that dismissal is appropriate for the strict liability and warranty claims. See Doc. 79-1 at 2. Accordingly, I dismiss those claims without further analysis and turn to ITS's argument that the negligence and CPA claims should also be dismissed.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

3

In testing a complaint's sufficiency, I employ a two-step approach. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (cleaned up). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. Second, I credit as true all of the plaintiff's non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Twombly, 550 U.S. at 556. The "make-or-break standard" is that those allegations and inferences, "taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).

### III. ANALYSIS

A.  Negligence Claim

Plaintiffs do not contend that ITS was directly involved in designing, manufacturing, distributing, or selling the pressure cooker. Instead, their claims against ITS arise from its alleged role in inspecting, testing, and certifying the pressure cooker. Because plaintiffs argue that ITS is liable in

4

negligence for services it performed for the other defendants, ITS's duty of care to the plaintiffs is governed by § 324A of the Second Restatement of Torts, which provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> >
> > (b) he has undertaken to perform a duty owed by the other to a third person, or
> >
> > (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (Am. L. Inst. 1965); see Bloom v. Casella Constr., Inc., 172 N.H. 625, 630-31 (2019) (applying § 324A to negligence claim); see also Am. L. Prod. Liab. 3d § 5:38 ("Liability for negligently inspecting, testing and approving the design of a product may be imposed under the Restatement Second, Torts § 324A.").

ITS attacks the negligence claim with two arguments. It first faults the plaintiffs for their alleged failure to plead that ITS's contract with the other defendants required it to test, inspect, certify, or accredit the pressure cooker under industry standards. This argument is obviously a nonstarter because plaintiffs' third amended complaint asserts that ITS contracted with other

5

defendants "for the testing, inspection, and/or certification/accreditation" of the pressure cooker. Doc. 73 at 8. This general allegation is sufficient to state a plausible claim that ITS contracted with other defendants to perform services that it should have known were necessary to protect third-party users of the pressure cooker.

ITS's second argument concerns the question of which industry safety standard applies to the type of pressure cooker at issue in this case. Plaintiffs assert the pressure cooker is subject to UL 136, a product safety standard for certain types of pressure cookers that was developed by UL (formerly Underwriters Laboratories) and endorsed by the American National Standards Institute. Accordingly, plaintiffs base their negligence claim in part on their contention that ITS was negligent for failing to test the pressure cooker for compliance with UL 136. ITS argues that the negligence claim must be dismissed because UL 136 does not apply to its pressure cooker. Instead, it argues that the pressure cooker is subject only to UL 1026, a different standard that covers electric household cooking and food serving appliances without specifically referencing pressure cookers. This argument fails, however, because whether UL 136 or any other industry standard applies to the pressure cooker at issue here presents a question of fact that cannot be determined on a motion to dismiss.

For these reasons, ITS's motion to dismiss the negligence claim is denied.

B.   Consumer Protection Act Claim

The CPA prohibits any "unfair method of competition or [. . .] deceptive act or practice in the conduct of any trade or commerce within the state." N.H. Rev. Stat. Ann. § 358-A:2. The statute provides a nonexhaustive list of unfair or deceptive acts and practices. Id. Plaintiffs base their CPA claim on subsection VII, which prohibits a person from deceptively "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[.]" Id. § 358-A:2 VII.

The only allegedly false or deceptive representations that plaintiffs cite in support of their CPA claim concern unspecified performance and safety features of the product that were delivered with the pressure cooker when it was sold. Doc. 73 at 29, 32-33. Because the complaint does not tie ITS to any of these alleged representations, plaintiffs have failed to state a viable CPA claim against ITS.

## IV. CONCLUSION

For the reasons explained above, I grant the motion to dismiss, Doc. 77, as to Counts I, III, IV, and V against ITS. However, I deny the motion to dismiss as to Count II.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

April 14, 2025

cc:   Counsel of Record